*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AUTO-OWNERS INSURANCE COMPANY,

      Petitioner-Appellee,

v

J & T TOWING, doing business as CROVA TOWING,

      Respondent-Appellant.

FOR PUBLICATION
April 13, 2026
2:52 PM

No. 369819
Wayne Circuit Court
LC No. 21-009871-AV

Before: KOROBKIN, P.J., and YOUNG and BAZZI, JJ.

YOUNG, J., (*concurring*).

I agree with the facts and legal analysis laid out in the majority. I write separate only to highlight two issues I see on this record: one with the completion of a form and with a form itself.

I will first address the issue regarding the completion of a form, namely the petition. On appeal, petitioner presents a colorable argument that the Van Buren Police Department did not follow proper procedure and that their lack of adherence to statutory procedure meaningfully increased the total fees assessed on petitioner. The majority, though, is likewise correct that "nothing in the Michigan Vehicle Code indicates that an irregularity in complying with the procedures outlined in MCL 257.252d excuses a vehicle's owner from complying with the 20-day deadline for filing a petition under MCL 256.252a." And more to the point of this concurrence, it appears that petitioner was not wholly without recourse as to the Van Buren Police Department's alleged malfeasance. As was addressed at oral argument, the petition form allows the petitioner to request a hearing on one or both of two issues:

    a. Whether a vehicle owned by the petitioner was properly deemed abandoned or removed according to law.

    b. The reasonableness of the towing/storage fees.

Petitioner here only checked the box corresponding to "b." As a result, petitioner foreclosed the opportunity to raise the issue that the notice of abandonment was issued before the vehicle was released by the Van Buren Police Department.

-1-

Next, I take issue with a separate form, the "notice." I start by reiterating that I agree with the majority's legal conclusion, specifically that petitioner received adequate notice. I also agree that the notice included a warning that petitioner is bound by a 20-day filing deadline. I do question whether that warning is clear. The 20-day deadline warning appears in a text box containing italic, very small font and the 20-day deadline is in the third of four total lines of text. Further, the text box appears below what seems to be the "title" of the document which is not "notice" at all. In larger font size, the top of the "notice" document says, "Michigan Department of State ABANDONED VEHICLE/VESSEL—BILL OF SALE." While it does supply a "date of notice," there is then notice language directed at the law enforcement agency, not the petitioner. The remaining information on the form discusses how the form can be used as a bill of sale and steps to take to collect the vehicle from the custodian (here, the towing company). Simply put, to more effectively serve the purpose of "notice" contemplated in MCL 257.252a, and for the sake of clarity, accessibility, and functionality, the "notice" form could use some reworking.

All that said, I am in complete agreement with the majority's statutory interpretation and as a result, I concur.

/s/ Adrienne N. Young